UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GULFSTREAM AEROSPACE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) Case No. _____ |
| v. | ) ) |
| OCELTIP AVIATION 1 PTY LTD | ) ) |
| Defendant. | ) ) ) |

## GULFSTREAM'S MOTION FOR LEAVE TO FILE REDACTED COPY OF FINAL AWARD

Plaintiff, Gulfstream Aerospace Corporation ("Gulfstream"), respectfully applies to this Court pursuant to Local Rule 79.7 for leave to file a redacted copy of the Final Award in International Centre for Dispute Resolution ("ICDR") Case No. 01-14-0001-3711 because it contains highly confidential and commercially sensitive Gulfstream proprietary business information. In support of this application, Gulfstream states as follows:

### THE ARBITRATION AWARD

1. As stated in Gulfstream's simultaneously filed Application to Confirm Final Award, on March 15, 2016, an International Arbitration Tribunal appointed by the International Centre for Dispute Resolution issued a Final Award in ICDR Case No. 01-14-0001-3711. To date, Defendant Oceltip Aviation 1 Pty Ltd's ("Oceltip") has failed to pay the net amount of $1,093,410.31 due Gulfstream under the terms of the Final Award. Accordingly, Gulfstream has filed an application seeking to confirm the Final Award in this Court.

2. In doing so, Gulfstream seeks to file a copy of the Final Award with limited redactions to protect Gulfstream's highly confidential and commercially sensitive proprietary business information. Gulfstream's redactions to the Final Award are modest, and seek to protect only highly confidential and proprietary information about Gulfstream's profit margins and production costs on its G550 aircraft sales, as well as information concerning the frequency with which Gulfstream has agreed to depart from proposed liquidated damages amounts in its G550 aircraft sales agreements with customers.

3. Local Rule 79.7 allows a party to "present a motion setting forth the grounds why the matter presented should not be available for public inspection." S.D. Ga. LR 79.7(c). The Local Rule identifies three different "layers of information," including "(3) the contents of the filing itself" that can be covered by a motion to seal. *Id.* at 79.7(d). Local Rule 79.7 further notes that "[i]n most cases, only the contents of the filing itself (e.g. proprietary data embodied within an *in limine* motion) will warrant sealing, not the title of the filing (e.g. Motion in Limine) or the identity of the movant (e.g. XYZ Tire Company)." *Id.* (parentheticals in original).

4. Both the Eleventh Circuit and this Court have recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing information." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also United States v. Bradley*, No. 405CR059, 2007 WL 1703232, at *2 (S.D. Ga. June 11, 2007) ("A party may overcome the presumption of public access by showing an overriding interest based on findings that closure is essential to preserve higher values, and that the sealing is narrowly tailored to serve that interest.")

5. Here, Gulfstream does not seek to keep from public inspection the title of its filing, its name as the movant, or the entirety of the Final Award. Rather, Gulfstream only seeks

to redact certain discrete pieces of proprietary information contained within the Final Award. Public disclosure of the redacted information in the Final Award could significantly harm Gulfstream's legitimate commercial interests because it would reveal to customers, potential customers and competitors Gulfstream's profit margins and production costs on G550 aircraft transactions (which is non-public financial information), and disclose the spectrum of Gulfstream's negotiated liquidated damage remedies with other customers. Disclosure of this information to prospective customers and competitors would put Gulfstream in an unfair bargaining position and potentially at a competitive disadvantage.

6. The ICDR Tribunal recognized that the type of information Gulfstream seeks to protect through limited redaction of the Final Award was deserving of special protection when it ordered that such "Highly Confidential" information be maintained in confidence throughout the arbitration proceeding. (Exhibit A, Protective Order, at p. 2) (protecting "confidential or proprietary commercial, financial, or technical information, including . . . competitive-sensitive information, cost or pricing information, . . . sales information, . . . and information that could cause irreparable or competitive harm if disclosed" from disclosure to opposing parties.) While the Protective Order issued by the ICDR Tribunal on June 4, 2015 does not apply specifically to the Final Award, the Final Award itself is non-public by rule, except as required by law. *See* ICDR Rule 30.3, ("An award may be made public only with the consent of all parties or as required by law."). However, the information Gulfstream seeks to redact from the Final Award was designated Highly Confidential by the ICDR Tribunal because it was. (Exhibit A at p. 2.)

7. The specific information redacted by Gulfstream from the Final Award is modest and narrowly tailored to protect Gulfstream's legitimate commercial interests. It amounts to only 17 individual redactions on three pages out of a 47-page Final Award. The information redacted

is not material to the Court's consideration of the Application to Confirm the Final Award. Moreover, Oceltip already has the full text of the Final Award. In sum, Gulfstream has made its redactions as limited as possible, seeking only to protect its highly confidential and commercially sensitive business information from public disclosure.

8. Upon request, Gulfstream will provide an unredacted copy of the Final Award for in camera review by the Court.

WHEREFORE, for the reasons set forth herein, Gulfstream respectfully requests that the Court enter an order granting Gulfstream permission to file a redacted copy of the Final Award to protect its highly confidential and commercially sensitive business information from public disclosure.

Respectfully submitted this 31st day of May, 2016

        s/Shawn A. Kachmar
        SHAWN A. KACHMAR
        Georgia Bar No. 405723
        *Attorneys for Plaintiffs*
        Hunter, Maclean, Exley & Dunn, P.C.
        P.O. Box 9848
        200 East Saint Julian Street
        Savannah, Georgia  31412-0048
        Telephone:   (912) 236-0261
        Fax:              (912) 236-4936
        E-Mail:         skachmar@huntermaclean.com

        – and –

        Michael A. Doornweerd (*pro hac vice* motion forthcoming)
        Illinois Bar No. 6236979
        Wade A. Thomson(*pro hac vice* motion forthcoming)
        Illinois Bar No. 6282174
        Kathleen W. Gibbons (*pro hac vice* motion forthcoming)
        Illinois Bar No. 6306012
        *Attorneys for Plaintiffs*
        Jenner & Block LLP
        353 North Clark Street
        Chicago, IL 60654

|          |                        |
|----------|------------------------|
| Telephone: | (312) 923-2631 |
| Fax:       | (312) 527-0484 |
| E-Mail:    | mdoornweerd@jenner.com |
| E-Mail:    | wthomson@jenner.com |
| E-Mail:    | kgibbons@jenner.com |